1  PETER C. ANDERSON
   United States Trustee
2  JILL M. STURTEVANT (SBN 89395)
   Assistant United States Trustee
3  HATTY YIP (SBN 246487)
   hatty.yip@usdoj.gov
4  Trial Attorney
   OFFICE OF THE UNITED STATES TRUSTEE
5  725 S. Figueroa Street, Suite 2600
   Los Angeles, CA 90017
6  Phone (213) 894-1507
   Fax (213) 894-2603
7

8                   UNITED STATES BANKRUPTCY COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                         LOS ANGELES DIVISION

11 In re:                          )  Case No. 2:10-bk-17048-TD
                                   )
12                                 )  Chapter 7
   GRACENILDA C. ESPERANZA,        )
13                                 )  UNITED STATES TRUSTEE'S
                                   )  NOTICE OF MOTION AND MOTION
14           Debtor(s).             )  TO DISMISS CASE PURSUANT TO 11
                                   )  U.S.C. SECTION 707(a) AND TO
15                                 )  ORDER THE FILING OF
                                   )  DISCLOSURE OF COMPENSATION
16                                 )  PURSUANT TO 11 U.S.C. § 329, OR, IN
                                   )  THE ALTERNATIVE, TO EXTEND
17                                 )  TIME TO FILE A MOTION TO
                                   )  DISMISS PURSUANT TO § 707(b) OR A
18                                 )  COMPLAINT TO DENY THE
                                   )  DEBTOR'S DISCHARGE PURSUANT
19                                 )  TO § 727; DECLARATION OF JACK
                                   )  ARUTYUNYAN IN SUPPORT
20                                 )  THEREOF
                                   )
21                                 )  Date:  June 30, 2010
                                   )  Time:  11:00 a.m.
22                                 )  Place: Courtroom 1345
                                   )         255 E. Temple Street
23 _____ )         Los Angeles, CA 90012

24       TO THE HONORABLE THOMAS B. DONOVAN, DEBTOR, DEBTOR'S

25 ATTORNEY, CREDITORS, AND OTHER INTERESTED PARTIES:

26       **PLEASE TAKE NOTICE** that on June 30, 2010, at 11:00 a.m in Courtroom 1345, or as

27 soon thereafter as the matter may be heard, Peter C. Anderson, United States Trustee for the

28 Central District of California (hereafter "U.S. Trustee"), through the undersigned attorney, will

1  and hereby moves the Court for an Order dismissing this case under 11 U.S.C. § 707(a) and
2  requiring the filing of a disclosure of compensation pursuant to 11 U.S.C. § 329. Moreover, the
3  U.S. Trustee requests that the Court retain jurisdiction to rule on the disgorgement of attorney
4  fees pursuant to 11 U.S.C. § 329, if necessary. In the alternative, in the event that the requested
5  case dismissal is not granted, the U.S. Trustee moves the Court for an order extending the filing
6  deadline, for the U.S. Trustee only, to file a motion to dismiss pursuant to § 707(b) or a
7  complaint to deny the Debtor's discharge pursuant to § 727, and for such other relief as may be
8  appropriate on the grounds set forth below.

9      This request is made pursuant to the supervisory duties of the U.S. Trustee as set forth in
10  28 U.S.C. § 586(a)(3) and 11 U.S.C. § 707(a). Pursuant to Federal Rules of Bankruptcy
11  Procedure ("FRBP") 4004(c), the discharge of the Debtor is stayed pending the conclusion of this
12  Motion.

13      If you wish to oppose or respond to this motion, you must file a written response with the
14  Clerk of the United States Bankruptcy Court at Edward R. Roybal Building and Courthouse, 255
15  E. Temple Street, Room 940, Los Angeles, California 90012, serve a copy of it on the U.S.
16  Trustee at the address set forth above and upon the Chapter 7 Trustee (see attached service list)
17  no less than 14 days prior to the above hearing date. If you fail to file a response to this motion
18  within such time period, the Court may treat such failure as a waiver of your right to oppose the
19  motion and may grant the requested relief.

20      This Motion is based upon this Notice of Motion, the Memorandum of Points and
21  Authorities attached hereto, and all other papers and pleadings on file with this Court.

22  DATED: April 19, 2010                  Respectfully submitted,

23                                        PETER C. ANDERSON
24                                        UNITED STATES TRUSTEE

25                                        _____
26                                        By:   HATTY YIP
                                      Attorney for the United States Trustee

27
28

UST 000002

## I. INTRODUCTION

This motion is made pursuant to the supervisory duties of the U.S. Trustee as set forth in 28 U.S.C. § 586(a)(3), 11 U.S.C. §§ 704(b)(1)(A), and 707(a)(3). Cause exists to dismiss this case pursuant to § 707(a)(3) because GRACENILDA C. ESPERANZA ("Debtor") has failed to file all the documents required under § 521(a)(1) within the requisite time period, thereby hindering the statutory duties of the U.S. Trustee to timely review the petition and make a determination on whether or not the case is abusive. Thus, this case should be dismissed for cause under § 707(a)(3).

Further, the U.S. Trustee submits that the Court should order the filing of the disclosure of compensation pursuant to § 329(b) and FRBP 2017 because the exact amount of the attorney fees billed to the Debtor remain undisclosed.

In the alternative, if the requested relief is not granted, the U.S. Trustee submits that cause exists based on Debtor's failure to file required information in a timely manner to extend the deadline to file a motion to dismiss pursuant to § 707(b) or a complaint to deny the Debtor's discharge pursuant to § 727.

## II. FACTUAL BACKGROUND

1. On or around February 1, 2010, Debtor filed a voluntary chapter 7 petition in the United States Bankruptcy Court for the Northern District of California and was assigned case no. 10-50987.[1]

2. On or around February 26, 2010, Debtor's bankruptcy case was transferred to

---

[1] *See Case Docket*, U.S. Trustee's Request for Judicial Notice ("RJN") filed concurrently with this Motion.

The U.S. Trustee respectfully requests that the Court take judicial notice of Debtor's Petition, Schedules, Statement of Financial Affairs, and other documents filed therewith and any amendments thereto which are in the Court's file, pursuant to Fed. R. Evid. 201, as made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 9017. The information contained in these documents, signed under penalty of perjury by Debtor, are admissible admissions of Debtor pursuant to Fed. R. Evid. 801(d).

- 3 -

UST 000003

1  Central District of California and assigned case no. 2:10-bk-17048-TD ("instant case").[2]

2  3. On or around March 2, 2010, a Case Commencement Deficiency Notice was sent to the Debtor and Debtor's attorney of record by the Court.[3] A true and correct copy of the Case Commencement Deficiency Notice is attached hereto as Exhibit "1" and is incorporated herein as if set forth in full.

4. On or around March 2, 2010, an Order to Comply with Bankruptcy Rule 1007 and Notice of Intent to Dismiss Case was sent to the Debtor and Debtor's attorney of record by the Court.[4] A true and correct copy of the Order to Comply with Bankruptcy Rule 1007 is attached hereto as Exhibit "2" and is incorporated herein as if set forth in full.

5. The Court's electronic docket shows that as of April 15, 2010, the Debtor has not filed the following documents required under 11 U.S.C. § 521(a)(1):[5]

- Schedules A through J;
- Form 22A;
- Statement of Financial Affairs;
- Statement of Related Cases;
- Notice of Available Chapters;
- Summary of Schedules;
- Disclosure of Compensation of Attorney for Debtor;
- Declaration of Attorney's Limited Scope of Appearance;
- Certificate of Credit Counseling;
- Statistical Summary of Certain Liabilities;
- Debtor's Certification of Employment Income; and

---

[2] *See Case Docket*, U.S. Trustee's RJN filed concurrently with this Motion.

[3] *See Case Docket*, U.S. Trustee's RJN filed concurrently with this Motion.

[4] *See Case Docket*, U.S. Trustee's RJN filed concurrently with this Motion.

[5] *See Case Docket*, U.S. Trustee's RJN filed concurrently with this Motion.

- 4 -

1 • Statement of Social Security Number(s) Form B21.

2    6. The Court's electronic docket further reflects that on March 15, 2010, three days after the statutory deadline of March 12, 2010 for completing the filing, Debtor filed an Application to Extend Time for Submitting Incomplete Filings pertaining to Chapter 7 Bankruptcy Petition ("Application to Extend Time").[6] A true and correct copy of the Application to Extend Time is attached hereto as Exhibit "3" and is incorporated herein as if set forth in full. Debtor requested an extension up to and including April 5, 2010 to submit the incomplete filings.

   7. To date, Debtor has failed to complete the bankruptcy filing and has failed to file the missing schedules.[7]

## III. MEMORANDUM OF POINTS AND AUTHORITIES

### A. DEBTOR'S CASE SHOULD BE DISMISSED FOR CAUSE UNDER 11 U.S.C. § 707(a) FOR FAILURE TO FILE DOCUMENTS REQUIRED BY § 521(a)(1) WITHIN THE REQUISITE TIME PERIOD.

The failure to file the required documents under § 521(a)(1) within the requisite time period constitutes cause for dismissal under § 707(a)(3). Section 707(a)(3) of the Bankruptcy Code provides as follows:

> (a) The court may dismiss a case under this chapter only after notice and a hearing and only for cause, including–...(3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521, but only on a motion by the United States Trustee.

Section 521(a)(1) of the Bankruptcy Code states:

> (a) The Debtor shall–
>
>    (1) file–
>
>       (A) a list of creditors; and
>
>       (B) unless the court orders otherwise,--

---

[6] *See Case Docket*, U.S. Trustee's RJN filed concurrently with this Motion.

[7] *See Case Docket*, U.S. Trustee's RJN filed concurrently with this Motion.

- 5 -

UST 000005

| | |
|---|---|
| 1 | (i) a schedule of assets and liabilities; |
| 2 | (ii) a schedule of current income and current expenditures; |
| 3 | (iii) a statement of the debtor's financial affairs; and, if section 342(b) applies, a certificate– |
| 4 | |
| 5 | (I) of an attorney whose name is indicated on the petition as the attorney for the debtor, or a bankruptcy petition preparer signing the petition under section 110(b)(1), indicating that such attorney or the bankruptcy petition preparer delivered to the debtor the notice required by section 342(b); or |
| 6 | |
| 7 | |
| 8 | (II) if no attorney is so indicated, and no bankruptcy petition preparer signed the petition, of the debtor that such notice was received and read by the debtor; |
| 9 | |
| 10 | (iv) copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition, by the debtor from any employer of the debtor; |
| 11 | |
| 12 | (v) a statement of the amount of monthly net income, itemized to show how the amount is calculated; and |
| 13 | (vi) a statement disclosing any reasonably anticipated increase in income and expenditures over the 12-month period following the date of the filing of the petition; |
| 14 | |

15 Rule 1007(c) of the Federal Rules of Bankruptcy Procedure states that if the documents required

16 under § 521(a)(1) are not filed with the petition, the Debtor *shall* file the requisite documents

17 within 14 days after the filing of the petition. Local Bankruptcy Rule 1017-2 also states that

18 failure to file the requisite documents constitutes cause for dismissal.

19       In the present case, the Debtor filed his voluntary chapter 7 petition on February 26,

20 2010.[8] More than 14 days have passed, and the Debtor has failed to file the documents required

21 by § 521(a)(1).[9] Without said documents, the U.S. Trustee is unable to carry out his duty under §

22 704(b)(1) to determine in a timely manner whether the Debtor's case should be presumed to be

---

[8]*See* Declaration of Jack Arutyunyan ("Arutyunyan Declaration") at ¶ 3.

[9]*See* Arutyunyan Declaration at ¶ 8-9; *see also Case Docket*, U.S. Trustee's RJN filed concurrently with this Motion.

- 6 -

an abuse under § 707(b).[10] Thus, the U.S. Trustee respectfully submits that § 521(a)(1), § 707(a)(3), and FRBP 1007(c) mandate the dismissal of Debtor's case for cause.

### B. THE DEBTOR'S COUNSEL SHOULD BE ORDERED TO FILE A DISCLOSURE OF COMPENSATION PURSUANT TO 11 U.S.C § 329.

The Debtor's counsel, George Holland, Jr., ("Debtor's counsel") should be ordered to file a disclosure of compensation so that the fees charged in relation to the instant case will be disclosed. Section 329(a) of the Bankruptcy Code requires an attorney to file a statement of compensation paid or agreed to be paid within one year of the filing of the petition for services rendered in connection with the case. 11 U.S.C. § 329(b) and FRBP 2017 authorize the Court to order the return of any compensation that exceeds the reasonable value of services rendered by an attorney.

Section 329 of the Bankruptcy Court "is an example of the bankruptcy court's traditional concern for the need to scrutinize carefully the compensation paid to the debtor's attorney," to address the concern that "debtors are in a vulnerable position and highly dependent on attorneys and therefore might be reluctant to object to fees."[11] Section 329(b) allows the court to "deny compensation to the debtor's attorney, cancel an agreement to pay compensation, or order the return of compensation paid, if such compensation exceeds the reasonable value of services provided."[12] The standard applied under § 329(b) to determine the reasonableness of attorney fees is set forth in § 330, and "the burden is upon the applicant to demonstrate that the fees are reasonable."[13] Further, Ninth Circuit case law holds that it is appropriate for the bankruptcy court to order the return of fees to debtors when the fees are unreasonable and where debtor's

---

[10] See Arutyunyan Declaration at ¶ 10-11.

[11] Colliers on Bankruptcy (15th ed. rev. 2008) ¶ 329.01

[12] Id.

[13] In re Basham, 208 B.R. 926, 931 (9th Cir. B.A.P. 1997)

-7-

counsel fails to provide competent and complete representation.[14]

In our present case, the services provided by Debtor's Counsel were incomplete and provided little benefit to the Debtor. Even after receiving a deficiency notice from the Court, all the required schedules were not filed within the requisite 14 days period pursuant to § 707(a)(3) and FRBP 1007(c), rendering the bankruptcy filing to be incomplete and providing cause to dismiss the Debtor's case. However, because Debtor's Counsel's fees are currently undisclosed, the Court should require Debtor's Counsel to file a Disclosure of Compensation with the Court. Moreover, the Court should retain jurisdiction to rule on any subsequent fee disgorgement if necessary. Therefore, the Court order Debtor's Counsel to file a disclosure of compensation pursuant to 11 U.S.C. § 329(a) within fourteen (14) days of the entry of the order directing Debtor's counsel to file the requisite disclosure and retain jurisdiction to rule on any subsequent fee disgorgement request, if necessary.

### IV. IN THE ALTERNATIVE, IF A MOTION TO DISMISS PURSUANT TO §707(a) IS NOT GRANTED, THE U.S. TRUSTEE REQUESTS AN ORDER EXTENDING THE BAR DATE FOR THE FILING A MOTION TO DISMISS PURSUANT TO § 707(b) AND/OR A COMPLAINT FOR THE DENIAL OF DISCHARGE UNDER § 727.

Bankruptcy Rules 4004(a) and 1017(e) control the time frames for a complaint under §727 of the Bankruptcy Code or a motion to dismiss pursuant to § 707(b). These Rules provide in a Chapter 7 case that such a complaint or motion shall be filed no later than 60 days following the first date set for the § 341(a) Meeting of Creditors. Pursuant to Bankruptcy Rules 4004(b) and 1017(e), this Court may extend the bar date for filing complaints objecting to the debtor's discharge and motions to dismiss if the motion to extend time is filed before the 60 day time period has expired.

As reflected on the case docket, the first date set for the § 341(a) Meeting of Creditors

---

[14] *See Hale v. U.S. Trustee*, 509 F.3d 1139, 1148 (9th Cir. 2007); *In re Basham*, 208 B.R. at 933.

- 8 -

UST 000008

1 was April 7, 2010 and thus the deadline for filing a complaint under § 727, a motion under § 707(b), or a motion to extend the bar date is June 7, 2010. Thus, this motion is timely filed.

Cause exists for further extension of the bar date because the Debtor's filing is incomplete, thereby hindering the U.S. Trustee's duty to diligently investigate this case regarding potential violations of § 707(b)(2) and (3) and § 727. The U.S. Trustee submits that a motion to dismiss under § 707(a) is the appropriate action to take with respect to Debtor's case. However, in the event that the underlying case is not dismissed as requested herein, as alternative relief, the U.S. Trustee further requests that the Court extend the bar date for filing a motion to dismiss under § 707(b) or a § 727 complaint to deny the debtor's discharge, by approximately ninety (90) days, up to and including September 7, 2010, to provide the U.S. Trustee with the opportunity to complete his pending investigation, including formal discovery and/or a Rule 2004 examination, to obtain additional testimony and/or other evidence produced by the Debtor or other parties in interest. The U.S. Trustee submits that there is cause to warrant extension of the bar date because the Debtor failed to timely file his schedules and required documents, making it impossible for the U.S. Trustee to complete his investigation on Debtor's case in a timely manner.

V. **CONCLUSION**

The U.S. Trustee respectfully submits that there is cause to dismiss Debtor's case pursuant to § 707(a). Further, the Court should order Debtor's Counsel to file a Disclosure of Compensation with the Court and retain jurisdiction to rule on any subsequent disgorgement, if necessary. In the alternative, the Court should order that the deadline to file a motion to dismiss pursuant to § 707(b) or a § 727 complaint to deny the Debtor's discharge be extended for cause, as to the U.S. Trustee only, so that the U.S. Trustee can complete his investigation on Debtor's case.

WHEREFORE, the U.S. Trustee respectfully requests that the Court dismiss this case for cause under 11 U.S.C. § 707(a), vacate any discharge previously received by the Debtor in relation to this case, order Debtor's counsel to file a Disclosure of Compensation with the Court

UST 000009

1  within fourteen (14) days of the entry of an order directing Debtor's counsel to file the disclosure,
2  and for such other and further relief that the Court deems appropriate. In the alternative, if a
3  motion to dismiss pursuant to § 707(a) is not granted, the U.S. Trustee asks the Court for an
4  order extending the deadline to September 7, 2010 to file a motion to dismiss pursuant to §
5  707(b) or a complaint to deny the Debtor's discharge pursuant to § 727.

7  DATED: April 19, 2010

8                                              Respectfully submitted,

9                                              PETER C. ANDERSON
                                                UNITED STATES TRUSTEE

11                                             _____
                                                By:    HATTY YIP
12                                              Attorney for the United States Trustee

UST 000010

**DECLARATION OF JACK ARUTYUNYAN**

I, JACK ARUTYUNYAN, declare and state as follows:

1. I am over the age of eighteen years, and if called upon to testify I could and would do so competently. I am employed as a Bankruptcy Analyst by the Office of the United States Trustee for the Central District of California, in the Los Angeles Field Office. I have been so employed since 2009. I am the Analyst assigned to In re: Gracenilda C. Esperanza, Case No. 2:10-bk-17048-TD. I have personal knowledge of the facts set forth herein, and based on that personal knowledge, I assert that all such facts are true and correct to the best of my knowledge. To the extent I base my testimony upon information and belief or upon admissible evidence other than my personal knowledge, I will specifically so state.

2. I accessed and reviewed the Court's electronic docket in this case on April 15, 2010. A true and correct copy of the Case Commencement Deficiency Notice is attached hereto as Exhibit "1" and is incorporated herein as if set forth in full.

3. The Court's electronic docket shows that Gracenilda C. Esperanza, the debtor, ("Debtor") filed a voluntary petition, and the case was transferred to the Central District of California on or around February 26, 2010.[15]

4. As can be established by a review of the Court's files, the § 341(a) meeting was initially set by the Court for April 7, 2010.

5. The Court's electronic docket reflects that on or around March 2, 2010, a Case Commencement Deficiency Notice was sent to the Debtor and Debtor's attorney of record by the Court.[16] A true and correct copy of the Case Commencement Deficiency Notice is attached hereto as Exhibit "1" and is incorporated herein as if set forth in full.

6. The Court's electronic docket also reflects that on or around March 2, 2010, an Order to Comply with Bankruptcy Rule 1007 and Notice of Intent to Dismiss Case was sent to

---

[15] See Case Docket, U.S. Trustee's RJN filed concurrently with this Motion.

[16] See Case Docket, U.S. Trustee's RJN filed concurrently with this Motion.

- 11 -

1 | the Debtor and Debtor's attorney of record by the Court.[17] A true and correct copy of the Order
2 | to Comply with Bankruptcy Rule 1007 is attached hereto as Exhibit "2" and is incorporated
3 | herein as if set forth in full.
4 |     7.    The Court's electronic docket shows that as of April 15, 2010, the day I personally
5 | reviewed the docket, the Debtor has not filed the following documents required under 11 U.S.C.
6 | § 521(a)(1):[18]
7 |     •    Schedules A through J;
8 |     •    Form 22A;
9 |     •    Statement of Financial Affairs;
10 |    •    Statement of Related Cases;
11 |    •    Notice of Available Chapters;
12 |    •    Summary of Schedules;
13 |    •    Disclosure of Compensation of Attorney for Debtor;
14 |    •    Declaration of Attorney's Limited Scope of Appearance;
15 |    •    Certificate of Credit Counseling;
16 |    •    Statistical Summary of Certain Liabilities;
17 |    •    Debtor's Certification of Employment Income; and
18 |    •    Statement of Social Security Number(s) Form B21.
19 | A true and correct copy of the Court Docket printed on April 15, 2010 is attached hereto as
20 | Exhibit "4" and is incorporated herein as if set forth in full.
21 |     8.    On or around March 15, 2010, Debtor filed an Application for Extension of Time
22 | to File Schedules requesting an extension up to and including April 5, 2010 ("Application to
23 | Extend Time"). A true and correct copy of the Application to Extend Time is attached as Exhibit
24 | "3" and is incorporated herein as if set forth in full. However, no order was entered either
25 | _____
26 | [17]*See Case Docket*, U.S. Trustee's RJN filed concurrently with this Motion.
27 | [18]*See Case Docket*, U.S. Trustee's RJN filed concurrently with this Motion.
28 |                                                - 12 -

UST 000012

1 | granting nor denying the Application to Extend Time.

2 |     9.    To date, Debtor has failed to file the missing schedules.

3 |     10.    In the course of my duties, I regularly review petitions to determine if cases
4 | should be presumed an abuse under § 707(b).

5 |     11.    Because the Debtor has failed to file all the documents required under § 521(a), I
6 | am unable to complete my reviewing of the petition in this case to make a determination at this
7 | time whether or not the Debtor's case should be presumed an abuse under § 707(b).

8 |     I declare under penalty of perjury that the foregoing facts are known by me to be true and
9 | correct and based upon my personal knowledge or, if based upon information or belief or other
10 | admissible evidence, I declare that said facts are true and correct to the best of my knowledge.

12 | Executed on April 15, 2010 in Los Angeles, California.

14 | _____
15 | JACK ARUTYUNYAN

UST 000013

| In re: | GRACENILDA C. ESPERANZA | | CHAPTER | 7 |
|---|---|---|---|---|
| | | Debtor(s) | CASE NUMBER | 2:10-bk-17048-TD |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

725 South Figueroa Street, Suite 2600, Los Angeles, California 90017-1574

The foregoing document described as: **UNITED STATES TRUSTEE'S NOTICE OF MOTION AND MOTION TO DISMISS CASE PURSUANT TO 11 U.S.C. SEC. 707(a) AND TO ORDER THE FILING OF DISCLOSURE OF COMPENSATION PURSUANT TO 11 U.S.C. SEC. 329, OR, IN THE ALTERNATIVE, TO EXTEND TIME TO FILE A MOTION TO DISMISS PURSUANT TO 11 U.S.C. SEC. 707(b) OR A COMPLAINT TO DENY THE DEBTOR'S DISCHARGE PURSUANT TO SEC. 727**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **4/19/10**  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

David L Hahn    trustee@hahnfife.com, dhahn@ecf.cpiqsystems.com
George Holland    hlfirm@gmail.com
Ramesh Singh    claims@recoverycorp.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**II.   SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On **4/20/10** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

DEBTOR: Gracenilda C. Esperanza, 422 E 219th St, Carson, CA 90745
DEBTOR'S ATTY: George Holland, Jr., Holland Law Firm, 1970 Broadway Ste 1030, Oakland, CA 94612

☐ Service information continued on attached page

**III.   SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **4/20/10** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.* **Upon filing I will be giving a filed document to a Court delivery service consistent with our normal business practice, with instructions to deliver the copy to the bin outside the suite (Court Manual Appendix F), as follows:**

The Honorable Thomas B. Donovan, Judge Donovan's Courtesy Bin outside Suite 1352, 255 E. Temple St., Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 4/20/10 | CAROL FUSILIER | *Carol Fusilier* |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                          **F 9013-3.1**